# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DOUG LONGHINI,**

                **Plaintiff,**

**v.**                              **Case No:   6:17-cv-1651-Orl-31GJK**

**LAKESIDE OPERATING
PARTNERSHIP, L.P.,**

                **Defendant.**

---

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF, DOUG LONGHINI'S MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANT, LAKESIDE OPERATING PARTNERSHIP, L.P. (Doc. No. 16)** |
| **FILED:** | **May 23, 2018** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and Plaintiff's complaint be **DISMISSED** with leave to amend. | |

## I.    FACTUAL BACKGROUND

On September 18, 2017, Plaintiff filed a complaint (the "Complaint") alleging violations of the Americans With Disabilities Act ("ADA") 42 U.S.C. § 12181 *et seq.* Doc. No. 1 at ¶1. Plaintiff also seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq. Id.* The following facts are taken from the Complaint. Defendant owned and operated a hotel in Kissimmee, Florida (the "Hotel"). *Id.* at ¶ 7. On or about May 25-26, 2017, Plaintiff, a Florida resident with disabilities, visited the Hotel where he encountered multiple ADA violations.

*Id.* at ¶¶ 4, 11-12, 15-16, 21. Such violations "denied or diminished Plaintiff's ability to visit [the Hotel] and have endangered his safety." *Id.* at ¶ 17. Defendant discriminated against Plaintiff on the basis of his disability by denying him full access to the Hotel. *Id.* at ¶¶ 20-21. Plaintiff has frequented the Kissimmee area and the Hotel for pleasure purposes, and he intends to return to the Hotel within four months. *Id.* at ¶ 14. The Complaint contains three requests for relief. *Id.* at 10-11. First, Plaintiff requests that the Court issue a declaratory judgment stating that Defendant violated the ADA. *Id.* Second, Plaintiff requests that the Court order Defendant to make: 1) all readily achievable alterations to the Hotel or to make the Hotel readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and 2) reasonable modifications to its policies, practices, and procedures. *Id.* Finally, Plaintiff requests an award of attorneys' fees and costs. *Id.*

On September 20, 2017, a process server served the summons and the Complaint on Donna Moch, who is Defendant's supervisor of process. Doc. No. 7. Ms. Moch is located at the address of CT Corporation System, Defendant's registered agent. *Id.* On February 21, 2018, Plaintiff filed a motion requesting that the Clerk enter default against Defendant due to its failure to respond to the Complaint. Doc. No. 11. On March 15, 2018, the Clerk entered default against Defendant. Doc. No. 14. On May 23, 2018, Plaintiff filed a motion (the "Motion") requesting that the Court enter default judgment against Defendant. Doc. No. 16. In the Motion, Plaintiff requests the same relief requested in the Complaint. Doc. No. 1 at 10-11; Doc. No. 16 at 4-5.

## II.    APPLICABLE LAW

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. Fed. R. Civ. P. 55. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure,

and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for entry of default judgment. Fed. R. Civ. P. 55(b). The mere entry of clerk's default does not in itself warrant the entry of a default judgment. *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). Before entering default judgment, the Court must determine whether the defendant was properly served. *Thomas Cook UK Ltd. v. Maesbury Homes, Inc.*, 280 F.R.D. 649, 652 (M.D. Fla. 2012). The court must also ensure that it has jurisdiction over the claims and parties, and that the well-pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment. *See Hoewischer v. Joe's Properties, LLC*, No. 3:11-CV-769-J-12MCR, 2012 WL 139319, at *3 (M.D. Fla. Jan. 18, 2012) (denying motion for default judgment in an ADA case where complaint failed to state a claim for which the requested relief may be granted).

## III.   ANALYSIS

### A.  Jurisdiction

Before entering default judgment, a court must ensure it has subject-matter jurisdiction over the case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have obligation to ensure subject-matter jurisdiction). 28 U.S.C. § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff alleges that Defendant violated the ADA, which is a federal statute. Doc. No. 1 at ¶ 1. Given the foregoing, the Court has subject matter jurisdiction over the case.

### B.  Service of Process

The process server's affidavit states that he served the summons and the Complaint on Donna Moch, Defendant's supervisor of process. Doc. No. 7. Ms. Moch is located at the address of CT Corporation System, Defendant's registered agent. *Id.* Federal Rule of Civil Procedure 4(h) states that a corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …" Fed. R. Civ. P. 4(h)(1)(B). Here, the process server served Defendant's registered agent, and thus, proper service was effected on Defendant. Doc. No. 7.

### C. Standing

To establish standing, a plaintiff must allege: 1) injury-in-fact; 2) a causal connection between the injury and the defendant's conduct; and 3) that it is likely the injury will be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Here, Plaintiff identifies specific barriers in the Hotel, and he alleges that such barriers preclude his full access, use, and enjoyment of the Hotel. Doc. No. 1 at ¶¶ 20, 21, 23, 25. This Court has stated that such allegations establish "a cognizable interest for purposes of standing." *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222 (M.D. Fla. 2012) (finding standing because the plaintiff alleged specific facts showing that "[p]laintiff could not fully enjoy [d]efendant's facilities because of his encounters with the barriers listed in the Amended Complaint."). Furthermore, Plaintiff has alleged sufficient facts showing causation between his injury and Defendant's conduct because the alleged injury occurred at the Hotel containing the alleged discriminatory barriers. *See Longhini v. J.U.T.A., Inc.*, No. 6:17–cv–987–Orl–40KRS, 2018 WL 1305909, at * 2 (M.D. Fla. Mar. 13, 2018) (citations omitted).

Plaintiff must also establish that his injury "will be addressed by a favorable decision." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). Where, as here, an ADA plaintiff seeks prospective injunctive relief, the plaintiff must allege facts plausibly showing "a real and immediate threat of future injury." *Id.* at 1329. When considering whether an ADA plaintiff shows a real and immediate threat of future injury, courts take a totality of circumstances approach while considering the following factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Hoewischer*, 877 F. Supp. 2d at 1223.

With regard to the proximity of the Hotel to Plaintiff's residence, Plaintiff has not stated any allegations regarding his city of residence. Doc. No. 1. Plaintiff only alleges that he is domiciled in Florida and lives in the same state as the Hotel. *Id.* at ¶¶ 4, 14. Without any allegations from Plaintiff regarding his city of residence, the Court cannot determine his proximity to the Hotel. Thus, the first factor does not weigh in Plaintiff's favor.[2]

With regard Plaintiff's past patronage and his frequency of travel near Defendant, Plaintiff alleges that he visited the Hotel on or about May 25-26, 2017. Doc. No. 1 at ¶ 12. Plaintiff also generally alleges that he frequents the Kissimmee area and the Hotel for pleasure. *Id.* at ¶ 14. Thus, although the Complaint only specifically identifies a single visit to the Hotel, Plaintiff has alleged sufficient facts to have the second and fourth factors weigh in his favor.

With regard to the definitiveness of plaintiff's plan to return, Plaintiff alleges that he intends to return to the Hotel within four months. Doc. No. 1 at ¶ 14. This Court has found similar statements insufficient to establish a definite plan to return to the premises. *See Brito v. 4018 W. Vine St. LLLP*, No: 6:18–cv–177–Orl–41TBS, 2018 WL 3361809, at * 1 (M.D. Fla. July 10, 2018) (finding the plaintiff's statements that "he plans to return to and visit the hotel properties and businesses regularly if they become accessible and definitely plan[s] to do so within four...months" insufficient to establish a definite plan to return). Thus, Plaintiff has not alleged sufficient facts to establish a definite plan to return.

Plaintiff has alleged sufficient facts showing his past patronage to the Hotel and his frequency of travel near Defendant. Plaintiff, however, does not state any allegations regarding his

---

[2] The Court notes that in other cases filed in this Court, Plaintiff alleges that he resides in Miami, Florida. *See J.U.T.A., Inc.*, 2018 WL 1305909 at * 3; *Longhini v. Gateway Retail Ctr., LLC*, No. 3:17–cv–899–J–32JBT, 2018 WL 623654, at * 1 (M.D. Fla. Jan. 30, 2018). Even assuming that Plaintiff resides in Miami, the lack of proximity to the Kissimmee area does not weigh in Plaintiff's favor. *See Kennedy v. Beachside Commercial Props.*, No. 17-14356, 2018 WL 2024672, at * 3 (11th Cir. May 1, 2018) (finding no standing when the plaintiff lived 175 miles away from the premises); *Kennedy v. Solano*, No. 18-10250, 2018 WL 2411761, at * 3 (11th Cir. May 29, 2018) (170 miles).

proximity to the Hotel, and he does not provide sufficient allegations showing a definite plan to return to the Hotel. Considering the totality of the circumstances, Plaintiff has failed to allege sufficient facts to establish standing.

### D. Liability

To state a cause of action for discrimination under Title III of the ADA, a plaintiff must allege that "(1) [plaintiff] is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA." *Duldulao v. Kennedy Spa, LLC*, 8:10-cv-2607-T-30AEP, 2013 WL 2317729, at *2 (M.D. Fla. May 28, 2013) (citing 42 U.S.C. § 12182(a)).

Here, Plaintiff alleges that he is an individual with disabilities. Doc. No. 1 at ¶ 11. Specifically, Plaintiff alleges that he uses a wheelchair to ambulate; he has limited use of his hands and cannot operate any mechanisms requiring tight grasping and twisting; he is limited in major life activities such as walking, standing, grabbing, grasping, or pinching. *Id.* Plaintiff also alleges that Defendant owned and operated the Hotel and that it is a place of public accommodation. *Id.* at ¶¶ 6, 18.

Plaintiff, however, has not plead sufficient facts showing that Defendant discriminated against him within the meaning of the ADA. Specifically, Plaintiff does not allege whether the Hotel is a preexisting building under the ADA. Doc. No. 1. The Eleventh Circuit has stated that under the ADA, a different standard applies to pre-existing buildings than buildings constructed on or after January 26, 1993. *See Gathright-Dietrich v. Atl. Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006). If the building is a pre-existing building, then discrimination under the ADA is a "failure to remove architectural barriers … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Where removal is not 'readily achievable,' failure of the entity to make

goods, services and facilities 'available through alternative methods if such methods are readily

achievable,' may constitute discrimination under the ADA." *Gathright-Dietrich*, 452 F.3d at 1273

(citing 42 U.S.C. § 12182(b)(2)(A)(v)). The ADA has provided guidance on what is "readily

achievable":

> The term "readily achievable" means easily accomplishable and
> able to be carried out without much difficulty or expense. In
> determining whether an action is readily achievable, factors to be
> considered include--
>
> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities
> involved in the action; the number of persons employed at such
> facility; the effect on expenses and resources, or the impact
> otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall
> size of the business of a covered entity with respect to the number
> of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity,
> including the composition, structure, and functions of the workforce
> of such entity; the geographic separateness, administrative or fiscal
> relationship of the facility or facilities in question to the covered
> entity.

42 U.S.C. § 12181(9).

Here, Plaintiff does not allege that the Hotel is a pre-existing building under the ADA. Doc.

No. 1. Instead, Plaintiff restates the above-referenced legal standards and alleges in conclusory

fashion that Defendant continues to discriminate against disabled persons after the ADA's

effective date. *Id.* at ¶¶ 9-10, 22, 23, 25, 27-28. Because Plaintiff does not allege when the Hotel

came into existence, it is impossible to know which standard applies to it. *See Houston v. Fifo,*

*Inc.*, No. 6:17-cv-1082-Orl-37DCI, 2018 WL 1325029, at * 1-3 (M.D. Fla. Mar. 15, 2018)

(denying motion for default judgment under the ADA because the plaintiff did not allege whether

the premises was a preexisting building); *Kennedy v. Bindi, Inc.*, No: 6:17–cv–1579–Orl–40DCI, 2018 WL 2211420, at * 5 (M.D. Fla. Apr. 26, 2018) (noting that because the plaintiff fails to allege whether the premises is a pre-existing building, "the Court cannot determine what standard to apply, which, in turn, inhibits the Court from determining whether [the plaintiff] has stated a claim against [the defendant]."); *Kennedy v. Taco City 3, Inc.*, No: 6:17–cv–634–Orl–40DCI,, 2017 WL 8809626, at * 3-4 (M.D. Fla. Nov. 22, 2017) (denying motion for default judgment under the ADA because the plaintiff did not plead whether the premises was a preexisting building). Because Plaintiff has not alleged sufficient facts showing that Defendant discriminated against him within the meaning of the ADA, it is recommended that the Motion be denied.

### E.  Relief

In the Complaint and the Motion, Plaintiff requests that the Court order Defendant to make: 1) all readily achievable alterations to the Hotel or to make the Hotel readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and 2) reasonable modifications to its policies, practices, and procedures. Doc. No. 1 at 10-11; Doc. No. 16 at 4-5. Rule 65 states that every injunction must "state its terms specifically and describe in reasonable detail-and not by referring to the complaint or other document-the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). Courts have denied motions for default judgment under the ADA when the plaintiff requests broad and non-specific injunctive relief. *See Bindi, Inc.*, 2018 WL 2211420 at * 7 (denying motion for default judgment because the plaintiff "expressly requests a broad, non-specific injunction…"); *Taco City 3, Inc.*, 2017 WL 8809626 at * 5 (same); *Brito v. 4018 W. Vine St. LLLP*, 6:18-cv-177-Orl-41TBS, 2018 WL 3370672, at * 6 n. 1 (M.D. Fla. May 30, 2018) ("Even if [the plaintiff] had established standing and entitlement to relief, he has failed

to provide the specificity necessary for the entry of an injunction."). Thus, because the Motion contains a non-specific request for injunctive relief, it is recommended that the Motion be denied.

### F.  Leave to Amend

If a motion for default judgment is denied due to deficiencies in the complaint, dismissal of that complaint is warranted because any future motion for default judgment would be based on a deficient complaint. *See Houston*, 2018 WL 1325029 at * 3 ("[T]he Court does not agree that [p]laintiff should be granted leave to file another motion for final default and for injunctive relief because any such motion would be premised on [p]laintiff's deficient defaulted [c]omplaint."). This Court, however, has provided leave to amend the complaint in such situations. *See Brito*, 2018 WL 3361809 at *2. Given the foregoing, it is recommended that the Court provide Plaintiff fourteen days to file an amended complaint.

## IV.    CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the Court:

1)  **DENY** the Motion (Doc. No. 16); and

2)  **DISMISS** the Complaint (Doc. No. 1); and

3)  Provide Plaintiff leave to file an amended complaint within fourteen days after the Court issues an order on this report and recommendation.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 3, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy